UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | |
| DOMINGO A. MORALES | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 09-17130-JNF |

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
WITH REGARD TO THE PROPERTY LOCATED AT
460 SARATOGA STREET, EAST BOSTON, MASSACHUSETTS 02128

NOW COMES Wells Fargo Bank, National Association as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., GreenPoint MTA Trust 2006-AR2, Mortgage Pass-Through Certificates, Series 2006-AR2 (the "Movant"), by and through its attorneys, and moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d), Bankruptcy Rules 4001 and 9014, and MLBR 4001-1. In support thereof, the Movant states as follows:

I.     JURISDICTION

1.     This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a) and 1334. This case is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

II.     BACKGROUND

2.     On or around August 24, 2005, Domingo Morales a/k/a Domingo A. Morales (the "Debtor") granted to Mortgage Electronic Registration Systems, Inc. as nominee for Greenpoint Mortgage Funding, Inc. a mortgage on certain real estate, as recorded with the Suffolk County Registry of Deeds at Book 37877, Page 212 (the "Mortgage"). A copy of the Mortgage is attached as Exhibit A. The Mortgage encumbers the property located at 460 Saratoga Street, East Boston, Massachusetts 02128 (the "Property"), and secures a note given by the Debtor to Greenpoint Mortgage Funding, Inc. in the amount of $445,000.00 on that same

1

date (the "Note").  A copy of the Note is attached as <u>Exhibit B</u>.  Reference is made to the assignment of the Mortgage to the Movant. A copy of the assignment of the Mortgage is attached as <u>Exhibit C</u>.  Aside from the Property, there is no other collateral securing the obligation.

3. On July 29, 2009, the Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.  A plan or disclosure statement has not yet been filed.

4. Upon information and belief, there are no other outstanding secured encumbrances against the Property except for the Mortgage.  The total obligation under the Note and Mortgage as of September 24, 2009 was approximately $495,001.40.

5. A recent title examination did not reveal a recorded Declaration of Homestead with respect to the Property.

6. According to the Debtor's Schedule A, the fair market value ("FMV") of the Property is $269,100.00.  Based upon this figure, the approximate liquidation value of the Property, calculated by deducting the estimated reasonable and necessary expenses from the FMV, yields $245,266.90 and is comprised as follows:

| | |
|---|---|
| Debtor's estimate of FMV: | $269,100.00 |
| Estimated tax deed stamps: | -$1,227.10 |
| Estimated foreclosure fees and costs: | -$5,000.00 |
| Estimated eviction proceedings costs: | -$710.00 |
| Estimated realtors' fees at six (6) percent (post-foreclosure): | -$16,146.00 |
| <u>Anticipated closing costs (post-foreclosure):</u> | <u>-$750.00</u> |
| TOTAL | $245,266.90 |

Notwithstanding the above, the Movant reserves the right to request access to the Property for the purpose of conducting an interior appraisal to more accurately quantify its value, in the event that the value of the Property is contested by the Debtor.

7. Upon information and belief, as of the date of filing of this case, the loan secured by the Mortgage and Note was due for the October 2008 payment, and the amount of the prepetition arrearage was approximately $23,307.10.

8. Upon information and belief, the Debtor is due for three (3) post-petition payments of $2,330.71 each for the months of August 2009 through October 2009, for a total of $6,992.13, not including reasonable attorneys fees and costs associated with the loan.

9. In the Debtor's budget attached to his motion for permission to use cash collateral (Court Doc. 6), he alleges that he receives $3,300.00 monthly on account of rental income from the Property, and proposes to make payments of $1,445.00 monthly on account of the Mortgage and Note as an adequate protection payment pending confirmation of a plan. The Debtor has provided to the undersigned Movant's counsel copies of 3 leases which indicate the following:

| Name of Tenant | Unit | Period | Amount of Monthly Rent |
| --- | --- | --- | --- |
| J. Portillo | 1 (5 rooms) | 9/1/08 – 8/1/09 | $1,100.00 |
| M. Carmen | 2 (5 rooms) | 5/1/08 – 4/30/09 | $1,200.00 |
| T. Rochdi | 3 (6 rooms) | 2/1/09 – 1/31/10 | $1,000.00 |

III. GROUNDS FOR RELIEF

The Movant seeks relief from the automatic stay on the following grounds:

10. The Movant has not received the adequate protection payments proposed in his cash collateral motion for the months of August, September or October. Further, the leases provided by Debtor indicate that two of three the leases have expired, and that the remaining lease providing for rental income of $1,000.00 is scheduled to expire in January, 2010. Even assuming *arguendo* that the Debtor could produce the monthly amounts he has offered but not paid, the Debtor has provided no information on the condition of the Property, including amounts necessary for repair and maintenance, or proof that other obligations with regard to the Property, such as real estate taxes and

insurance, are being paid. Further, he has not offered evidence of why an interest rate of 5% is "commercial reasonable" for this borrower given the status of this mortgage loan (including the failure to tender any mortgage payments since October 2008). Accordingly the Movant is not receiving adequate protection, and the proposal to provide adequate protection in the amount of $1,445.00 monthly is not feasible. As the Movant is not receiving adequate protection for its interest in the Property, pursuant to 11 U.S.C. § 362 (d)(1), cause exists to grant relief from the automatic stay on that basis.

13. The Debtor does not appear to have any equity in the Property, as the Property has an approximate liquidation value of $245,266.90, and is subject to total secured encumbrances of $495,001.40.

14. The Property is not necessary to an effective reorganization since this is an investment property, and based on the history with the loan and questions regarding the feasibility of his adequate protection proposal, the prospect of successful reorganization of this debt seems unlikely.

15. Based upon the foregoing, the Movant respectfully submits that it is entitled to relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2).

WHEREFORE, the Movant prays that:

A. The Movant, its successors and/or assigns, be granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and leave to foreclose the Mortgage, allowing the Movant, its successors or assigns to foreclose the Mortgage (including, at its sole option, leave to accept a deed-in-lieu of foreclosure from the Debtor and/or his heirs, successors, assigns or transferees); and for it or a third party purchaser to prosecute summary process proceedings to evict any persons residing in the Property; and,

B. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted,

Wells Fargo Bank, National
Association as Trustee for the
Certificateholders of Structured
Asset Mortgage Investments II Inc.,
GreenPoint MTA Trust 2006-AR2,
Mortgage Pass-Through Certificates,
Series 2006-AR2

By its attorneys,

ABLITT LAW OFFICES, P.C.

Dated:  October 2, 2009

/s/ Jeana K. Reinbold
Jeana Kim Reinbold
BBO #665173
304 Cambridge Road
Woburn, Massachusetts 01801
781-246-8995 ext. 250
jreinbold@acdlaw.com

5

CERTIFICATE OF SERVICE

      I do hereby certify that I have caused to be served a copy of the foregoing MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITH REGARD TO THE PROPERTY LOCATED AT 460 SARATOGA STREET, EAST BOSTON, MASSACHUSETTS 02128, by CM/ECF electronic filing and/or by first class mail, postage prepaid, upon the parties listed below, this day.

Dated:  October 2, 2009                                      /s/ Jeana K. Reinbold
                                                                                    Jeana Kim Reinbold

By CM/ECF:

- John Fitzgerald    Assistant U.S. Trustee   USTPRegion01.BO.ECF@USDOJ.GOV
- Jason Giguere  on behalf of PHH Mortgage Corporation   mabk@harmonlaw.com, mabk@harmonlaw.com
- Deirdre M. Keady    on behalf of One West Bank FSB and PHH Mortgage Corporation   mabk@harmonlaw.com
- Patrick Martin  on behalf of Domingo A. Morales   pmartin@jrhwlaw.com, bmessina@jrhwlaw.com
- A.Rebecca Murray    on behalf of One West Bank FSB and PHH Mortgage Corporation   mabk@harmonlaw.com, mabk@harmonlaw.com
- Herbert Weinberg   on behalf of Domingo A. Morales   hweinberg@jrhwlaw.com, bmessina@jrhwlaw.com;paper@mab.uscourts.gov

By First Class Mail:

Domingo Morales
3145 Washington Street
Jamaica Plain, MA 02130

City of Boston Office of Tax Collector
P.O. Box 55808
Boston, MA 02205

Mortgage Service Center /
PHH Mortgage Corporation
4001 Leadenhall Road
Mount Laurel, NJ 08054

IndyMac Bank
6900 Beatrice Drive
Kalamazoo, MI 49009

Bank of America
P.O. Box 17054
Wilmington, DE 19884

EMC Mortgage
800 State Highway 121
Lewisville, TX 75067

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, Fl 33131

Citibank Banamex USA
2029 Century Park E FL 4
Los Angeles, CA 90067

Lowe's Business Account
P.O. Box 530970
Atlanta, GA 30353

Sears/CBSD
P.O. Box 6189
Sioux Falls, SD 57117

THD/CBSD
P.O. Box 6497
Sioux Falls, SD 57117

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                                      )
    DOMINGO A. MORALES            )           Chapter 11
                                            )
    Debtor.                       )           Case No. 09-17130-JNF

ORDER GRANTING WELLS FARGO'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

    This matter has come before me on the Motion for Relief from the Automatic Stay (the "Motion") by Wells Fargo Bank, National Association as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., GreenPoint MTA Trust 2006-AR2, Mortgage Pass-Through Certificates, Series 2006-AR2 ("Wells Fargo") with respect to the property located at 460 Saratoga Street, East Boston, Massachusetts 02128 (the "Property"). After full consideration, or after no objections having been filed, it is ordered that the Motion is hereby granted, and that Wells Fargo, its successors and/or assigns, may proceed to foreclose or accept deed in lieu of foreclosure of the mortgage given by Domingo Morales to Mortgage Electronic Registration Systems, Inc. as nominee for Greenpoint Mortgage Funding, Inc. on August, 24, 2005 to Wells Fargo. Said mortgage is recorded with the Suffolk County Registry of Deeds at Book 37877, Page 212 and encumbers the Property. Wells Fargo may exercise its rights under said mortgage to bring such actions, including but without limitation, summary process proceedings, as are permissible by state and federal law.

DATE:

                                                                               United States Bankruptcy Judge